FILED
SUPERIOR COURT
OF GUAM

2014 OCT 17 PM 4: 19

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,         )     CRIMINAL CASE No. CF0224-14
                               )
                               )
              v.             )
                               )     **DECISION AND ORDER**
                               )
HARRY J.O. SEBALLOS, JR.,     )
                               )
              Defendant.    )
_____)

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion for diversion was taken under advisement on September 30, 2014. The People are represented by Assistant Attorney General, Christopher R. Odoca. Defendant is represented by attorney F. Randall Cunliffe. Having reviewed the memorandum and papers presented, the Court now issues the following decision denying Defendant's motion for diversion.

## BACKGROUND

On May 16, 2014 an indictment was entered charging Defendant with 1) two counts of Simple Stalking, as a Third Degree Felony; 2) two counts of Family Violence, as a Misdemeanor; and 3) one count of Harassment, as a Petty Misdemeanor, for acts allegedly committed on December 23, 2013, April 30, 2014 and May 2, 2014.

On August 11, 2014, Defendant filed a Motion for Diversion. In it he argues that



pursuant to 9 GCA §§ 30.80 and 30.80.1 he is eligible for deferral for the charge of Simple Stalking and Family Violence. In support of this argument he cites the introductory language of 9 GCA §30.81, which in part provides, "this § 30.80.1 shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member." 9 GCA § 30.80.1 (2013).

The People filed its opposition to Defendant's motion on September 2, 2014. In it the People argue that when read together the amended statues allowing for deferral only permit a Defendant to enter a deferred plea to a misdemeanor charge of family violence.

Defendant filed his reply on September 5, 2014. In it he argues that the plain language of section 30.80.1 applies to any criminal act against a family or household member and accordingly requests that the court also apply it to his charge of stalking.

## DISCUSSION

The former Section 30.80 of Title 9 of the Guam Code allowing for diversion was repealed and re-enacted by Guam Public Law 31-109:3 on September 30, 2011. The amended version took effect on March 28, 2012. No longer allowing for diversion, it now regulates the circumstances in which a defendant, upon the entry of a plea of guilty, may have his plea deferred.

Sections 30.80 and 30.80.1 respectively are entitled, Deferred Guilty Plea for Family Violence and Deferred Plea Eligibility. 9 GCA §§ 30.80 and 30.80.1 (2013). They provide,

§30.80 Deferred Guilty Plea for Family Violence.

Upon a proper motion, when a defendant voluntarily pleads guilty, prior to the commencement of trial, to a misdemeanor charge of family violence, as defined in this Chapter, he or she is found eligible for a deferred guilty plea pursuant to § 30.80.1 of this Chapter, and the defendant agrees to participate in education, counseling and/or treatment program(s) as directed by the court, the court may defer criminal proceedings until such a time as may be required for the

defendant to complete the education, counseling and/or treatment program(s). Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court may discharge the defendant and dismiss the charge against the defendant. Such discharge of the defendant and dismissal of the case shall be without adjudication of guilt and shall eliminate any civil admission of guilt and is not a conviction. Offenses dismissed under this Section and/or under a family violence diversion program shall count as prior offenses in the application of minimum sentences under this Chapter.

§ 30.80.1. Deferred Plea Eligibility.

Notwithstanding any other provision of law, and upon the determination of the judge, this § 30.80.1 shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member as defined in Subsection (b) of § 30.10 of this Chapter.

(a) The following persons are ineligible for the deferred guilty plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of § 30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of § 16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of § 25.10, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

(b) The fact that a defendant is not made ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred guilty plea for family violence.

(c) The prosecuting attorney shall determine whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this § 30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred plea, the prosecutor shall notify the defendant.

(d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by

reason of Subsection (a) of this § 30.80.1, the prosecutor shall notify the defendant.

(e) Any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea. The prosecuting attorney may oppose this application.

*Id.*

As set forth above the salient language of section 30.80.1 is its introductory language providing, "this § 30.80.1 shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member." *Id.* at 30.80.1. Upon review the Court finds that while a plain reading of the statute allows for a person to be eligible after being charged with any criminal act against a family member, it does not indicate that any act or charge is likewise eligible. *Id.* This is emphasized by subsection (b) which provides, "The fact that a defendant is not made ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred guilty plea for family violence." Under the specific language of the statute while a person may be broadly eligible for deferral based upon various criminal acts, the only type of charge which may be deferred is the misdemeanor act of family violence. *Id.*

//

//

## CONCLUSION

Based on the foregoing, Defendant's Motion for Diversion is DENIED. Further Proceedings are set for ___Nov. 13,___ , _____2014 at 9:00 am.

SO ORDERED, this __17__ day of __Oct__ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Cunliffe & Cook

Date: 10/17/14 Time: 450 pm

_____
Deputy Clerk, Superior Court of Guam